IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KYEEM KING,

   Petitioner,

v.

WARDEN J. PHILIP MORGAN,
WESTERN CORR. INST.,
ATTORNEY GENERAL OF MD.,

   Respondents.

Civil Action No.: JRR-25-2784

**MEMORANDUM OPINION**

On September 11, 2025, this Court granted Petitioner Kyeem King 28 days to file an Amended Petition for Writ of Habeas Corpus to provide information regarding the underlying criminal case for which he sought release on bond pending appeal and demonstrate that he has exhausted state remedies prior to filing this petition with this Court. ECF No. 5 at 2. In response to the Court's Order, Mr. King filed a Motion to Amend, which the Court now grants. ECF No. 6. For the reasons set forth below, the Petition, as amended, must be dismissed.

**Background**

**A.**  **Case No. CT191113X**

Mr. King explains in his motion that he "has filed motions for bail in Case No. CT191113X which has been reversed and remanded" by the Maryland Appellate Court. *Id*. He states that "[t]his motion is obviously a request for an appeal bond since a Petition for Writ of Certiorari was filed on August 8, 2025 and remains pending before the Supreme Court of Maryland." *Id*. According to the state docket, on September 23, 2025, the Circuit Court for Prince George's County took the case "under advisement" pending the Maryland Supreme Court's decision on the

pending certiorari petition. Further, Mr. King's Request for an Appeal Bond Hearing was filed on February 27, 2025 and is the only such request filed in that case. No similar request was filed with the Circuit Court after his case was reversed and remanded. *See State of Md. v. King*, Case CT191113X (Pr. George's Co. Cir. Ct.).[1]

**B.     Case No. CT190799X**

Mr. King also addresses the status of this case in his Motion to Amend and claims that he also requested release on bond pending appeal and was unjustifiably denied bond without reason and without a hearing. He explains that this case is on "direct appeal in the Maryland Court of Appeals" and that there "is also a request for a[n] appeal bond pending in that case as well which was denied on August 19, 2025." ECF No. 6. Mr. King's direct appeal is pending in the Appellate Court of Maryland. *See King v. St. of Md.*, Case No. ACM-REG-1386-2024 (Md. App. Sept. 16, 2024). However, there is no pending motion for release on bond pending appeal in the appellate case and the only request for appeal bond filed in the Circuit Court was filed on July 18, 2024 and denied by marginal order on July 22, 2025. *See St. of Md. v. King*, Case No. CT190799X. The reason provided by Judge Lawrence V. Hill is that Mr. King is currently serving another lengthy sentence. Indeed, Mr. King admits that he is currently obligated to serve 60 years' incarceration despite the fact that his other conviction was reversed and remanded. ECF No. 6.

**Standard of Review**

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute at 28 U.S.C. § 2254 sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447 (2005). The standard

---

[1]     All state court records cited are available at https://mdecportal.courts.state.md.us/MDODYSSEYPORTAL/ (last viewed September 30, 2025).

is "difficult to meet," and requires courts to give state-court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also White v Woodall,* 572 U.S.415, 419-20 (2014), quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011) (state prisoner must show state court ruling on claim presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.").

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"; or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court 1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or 2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Under the "unreasonable application" analysis under 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Thus, "an unreasonable application of federal law is different from an incorrect application of federal law." *Id*. at 785 (internal quotation marks omitted).

Further under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance."

3

*Wood v. Allen*, 558 U.S. 290, 301 (2010). "[E]ven if reasonable minds reviewing the record might disagree about the finding in question," a federal habeas court may not conclude that the state court decision was based on an unreasonable determination of the facts. *Id*. "[A] federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied established federal law erroneously or incorrectly*.*" *Renico v. Lett,* 559 U.S 766, 773 (2010).

The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010). This is especially true where state courts have "resolved issues like witness credibility, which are 'factual determinations' for purposes of Section 2254(e)(1)." *Id*. at 379.

The Fourth Circuit has made clear that "regardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' for purposes of § 2244(b), even if they challenge the execution of a state sentence." *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016). Thus, the exhaustion requirement for § 2254 petitions applies to petitions, like Mr. King's, that were filed pursuant to 28 U.S.C. §2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (applying exhaustion

4

requirements to 2241 petition challenging civil commitment). Before filing a federal habeas petition, petitioner must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted), *cert. denied*, 121 S. Ct. 1194 (2001). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

**Analysis**

Neither of the claims raised in the amended petition appear to be exhausted because Mr. King has not made any effort to obtain appellate review of Judge Hill's denial of his request for release on bond pending appeal. Mr. King appears to admit as much in his amended petition when he states that his requests remain pending. ECF No. 6.

Even assuming the claims have been exhausted through all possible avenues of review, this Court may not revisit questions of fact that the state court has decided based on the record before it. Here, the state court determined that Mr. King should not be released on bond while his appeal was pending because he still had a valid 60-year sentence to serve that had not been overturned on appeal. Despite Mr. King's allegation otherwise, the state court has provided a reason for denying his request for release on bond.

A federal petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C.A. § 2254(a). For a claim of relief presented

under § 2254 to be cognizable for review, the petitioner must assert a violation of federal law. *See Wilson v. Corcoran*, 562 U.S.1, 1 (2010) ("Federal courts may not issue writs of habeas corpus to state prisoners whose confinement does not violate federal law."); *see also Young v. Warden, Md. Penitentiary*, 383 F. Supp. 986, 1009 (D. Md. 1974) ("It is axiomatic that only the violation or denial of some federal constitutional right, and not alleged errors in the interpretation or application of state law, can be the basis for federal habeas corpus relief."), *aff'd*, 532 F.2d 753 (4th Cir. 1976).

To be entitled to federal habeas relief Petitioner must raise a claim that he was either denied a constitutional right or federal law was violated in connection with his State criminal conviction. Absent such an allegation, the Petition fails to state a cognizable claim for relief. *Wilson v. Corcoran*, 562 U.S. 1, 1 (2011) (holding courts may not issue writs of habeas corpus to prisoners whose confinement does not violate federal law."); *Spencer v. Murray*, 18 F.3d 267, 239-40 (4th Cir. 1995) (holding where petitioner alleged error in admissibility of evidence, without reference to any constitutional right infringed, petitioner failed to state a claim). Allegations of State law violations do not give rise to a federal question. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas corpus court to reexamine state court determinations on state law questions"), *see also Weeks v. Angelone*, 176 F.3d 249, 252 (4th Cir. 1999) ("when a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review."); *Torrence v. Lewis*, 60 F.4th 209, 213-14 (4th Cir. 2023) (federal habeas petitioner may not receive relief "solely for an error of state law"). Petitioner's claims regarding the State's alleged violation of Maryland Rules regarding review of his request for an appeal bond provides no basis for federal habeas relief.

**Certificate of Appealability**

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, 580 U.S. 100, 115 (2017). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this Court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied. *See* 28 U.S.C. § 2253(c)(2). Mr. King may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

By separate Order which follows, the amended petition shall be dismissed.

_10.1.2025_____  
Date

_/S/_____  
Julie R. Rubin  
United States District Judge